IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAVID BARRETT**, | Case No. 3:14-cv-02016-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST d/b/a KAISER PERMANENTE**, | |
| Defendant. | |

William J. Macke, WILLIAM J. MACKE & ASSOCIATES, 4411 NE Tillamook Street, Portland, OR 97213. Of Attorneys for Plaintiff.

Laura E. Rosenbaum and Edward A. Piper, STOEL RIVES LLP, 900 SW Fifth Avenue, Suite 2600, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff, David Barrett ("Plaintiff"), brings this action against Kaiser Foundation Health Plan of the Northwest ("Defendant"). Before the Court is Defendant's Motion to Dismiss (Dkt. 13) Plaintiff's Amended Complaint (Dkt. 12). For the reasons that follow, Defendant's motion is granted.

**STANDARDS**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## BACKGROUND

Plaintiff was formerly employed by Defendant as a courier. While employed by Defendant, Plaintiff was disciplined on multiple occasions for allegedly unacceptable performance of his duties. Plaintiff signed a resignation agreement with Defendant on December 13, 2013. Five days later, Plaintiff rescinded the agreement, and Kaiser changed the reason for his termination from resignation to involuntary termination.

On June 9, 2014, Plaintiff filed a complaint with the Oregon Bureau of Labor and Industries ("BOLI") alleging age and race discrimination by Defendant. Plaintiff's BOLI complaint did not include any allegations related to disability discrimination by Defendant. Plaintiff filed his Complaint in this case on December 17, 2014 and filed his Amended Complaint on February 5, 2015. Defendant now moves to dismiss Plaintiff's Amended Complaint.

## DISCUSSION

Plaintiff's Amended Complaint includes three claims: (1) race discrimination under Title VII; (2) state disability discrimination under Or. Rev. Stat. ("ORS") § 659A.112; and (3) age discrimination under the ADEA.[1] In its Motion to Dismiss, Defendant makes two arguments: (1) Plaintiff's state-law disability discrimination claim is time-barred; and (2) Plaintiff fails to state a claim upon which relief may be granted. The Court addresses each argument in turn.

---

[1] Plaintiff's Complaint listed his third claim as "ADEA Age Discrimination." His Amended Complaint, however, labels his third claim as "Title VII Age Discrimination." Because Title VII does not provide for age discrimination claims, the Court assumes that this was an inadvertent error and addresses this claim as if brought under the ADEA. 29 U.S.C. § 621, et seq.

## A.  Time-Barred Claim

Plaintiff's second claim for relief asserts that Defendant discriminated against him because of his disability, thereby violating ORS § 659A.112. Defendant argues that this claim is time-barred.

ORS § 659A.112 makes it unlawful for an employer to "discriminate in compensation or in terms, conditions or privileges of employment on the basis of disability." ORS § 659A.112(1). Under Oregon law, a claimant must either file a BOLI complaint or a civil suit alleging an ORS § 659A.112 violation within one year of the unlawful employment practice. ORS § 659A.820(2); ORS § 659A.875(A); ORS § 659A.885.

In this case, Plaintiff alleges that he signed a resignation agreement with Defendant on December 13, 2013. Plaintiff filed his BOLI Complaint in June of 2014, but did not assert any disability related claims. Plaintiff filed his original complaint in this case on December 17, 2014. Accordingly, because Plaintiff did not include allegations of disability harassment in his BOLI complaint, and because he filed his civil suit more than one year after he signed his resignation agreement, his disability harassment claim is time-barred and must be dismissed.

## B.  Failure to State a Claim

### 1.  Title VII Race Discrimination

Title VII of the Civil Rights Act prohibits employment discrimination on the basis of a protected status. An unlawful employment practice is established by showing that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice. Title VII, § 703(m), 42 U.S.C. § 2000e–2(m), as amended by the Civil Rights Act of 1991; *Nguyen v. Qualcomm, Inc.*, 501 F. App'x 691, 693 (9th Cir. 2012). "Disparate treatment occurs 'where an employer has treated a particular person less favorably than others because of a protected trait.'" *Wood v. City of San Diego*, 678 F.3d

1075, 1081 (9th Cir. 2012) (quoting *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009)). The "central element" of a disparate treatment claim is "discriminatory intent." *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 624 (2007). Thus, a plaintiff alleging disparate treatment "must establish that the defendant had a discriminatory intent or motive for taking a job-related action." *Wood*, 678 F.3d at 1081 (quoting *Ricci*, 557 U.S. at 577). This requires more than showing an employer was aware that its actions might have adverse consequences on the protected person. *See Wood*, 678 F.3d at 1081.

Plaintiff's Amended Complaint includes only three sentences relevant to his race discrimination claim. First, Plaintiff generally alleges that "Kaiser . . . treated Mr. Barrett differently in the terms and conditions of his employment . . . because of his race—African American." Second, Plaintiff alleges that Defendant treated one similarly situated non-African American employee, Mark Bennett, more favorably than Plaintiff "under similar, or more egregious, circumstances." Third, Plaintiff alleges that a supervisor, Thomas Lear, once referred to another African-American employee as "boy."

These three sentences are insufficient to state a claim for relief. The first sentence is no more than a legal conclusion. The second sentence provides no more than a conclusory assertion that Plaintiff and Mr. Bennett were similarly situated, and further fails to allege any facts related to the circumstances of Mr. Bennett's discipline. The third sentence, alleging that a supervisor once referred to another African-American employee as "boy," lacks any explanation related to the nature of the comment, its connection to Plaintiff, or when the statement occurred. *See Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 456 (2006) (holding that use of the word "boy" when modified by a racial classification like "black" or "white" is evidence of discriminatory intent, but whether

the use of "boy" alone is evidence of discrimination "may depend on various factors including context, inflection, tone of voice, local custom, and historical usage").

Furthermore, Plaintiff's Response to Defendant's Motion to Dismiss argues that his race discrimination claim is based on his January 23, 2013 discipline. If so, any claim premised on that conduct is time-barred, because Plaintiff filed his BOLI complaint on June 9, 2014, almost 17 months after Plaintiff was disciplined. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (holding that discrete discriminatory acts are not actionable under Title VII if they occurred more than 180 or 300 days before plaintiff filed complaint). Accordingly, this claim is dismissed with leave to amend.

### 2. ADEA Age Discrimination

Plaintiff further alleges that Defendant discriminated against him on the basis of age. An ADEA plaintiff can establish a prima facie case by alleging that he was "(1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citation and quotation marks omitted).

Here, Plaintiff's Amended Complaint includes only two vague and conclusory sentences related to his age discrimination claim. First, Plaintiff generally alleges that "Kaiser discriminated against Mr. Barrett on the basis of age, treating him differently in the terms of his employment as opposed to younger workers." Second, Plaintiff alleges that, "Kaiser discriminated against Mr. Barrett, who is 60, and other older employees including Gene Butolph, claiming that they were not following their assigned routes and otherwise holding them to a performance standard that did not apply to younger workers." Plaintiff does not, however, allege that he was performing his job satisfactorily, nor does he allege that those persons replacing him

were younger than he was. Without articulating facts to support them, these two conclusory sentences are not sufficient to survive a motion to dismiss. *See Ashcroft*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). This claim is dismissed with leave to amend.

## CONCLUSION

Defendant's Motion to Dismiss (Dkt. 13) is GRANTED and Plaintiff's Amended Complaint (Dkt. 12) is DISMISSED. Plaintiff may file a Second Amended Complaint within 30 days of the date of this opinion.

**IT IS SO ORDERED**.

DATED this 1st day of April, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge